BRIDGES, J.,
for the court.
¶ 1. Willie Southern filed a complaint, on October 18, 2001, seeking relief against the City of Jackson and Officer Gerald Jones. The City of Jackson, or affectionately referred to by Southern as “Evil,” filed a motion to dismiss for want of jurisdiction under M.R.C.P. 12(b)(6) claiming Southern failed to file suit within the one year limitation period provided by the Tort Claims Act as set out in Miss.Code Ann. § 11-46-11(3) (Rev.2002). The trial judge dismissed the case with prejudice on May 9, 2002.
STATEMENT OF THE ISSUE
“WHETHER THE WILLIE SOUTHERN MAY PROCEED WITH A CLAIM FOR MAKE-WHOLE RELIEF ON BEHALF OF WILLIE SOUTHERN FOR TITLE FOURTEEN VIOLATION EVEN THOUGH MR. SOUTHERN WAS NOT VIOLATION CONSTITUTIONAL LAW ON FALSE CHARGES AND FRAUDULENT CONCEALMENT OF FILE.” [SIC]
FACTS
¶ 2. It should first be noted that the Appellees in this case failed to file any briefs in contention for their side. Saying that, Southern claims that while a guest at the Best Suites Hotel, members of the Jackson Police Department secured the facility, surrounded his room, and demanded, without justification, that he release his children. Further, Southern contends that as a direct result of the overwhelming police presence, Southern was falsely imprisoned and trapped in his room against his will. He claims that he was subjected to an unreasonable search and seizure of his person and property by members of the Jackson Police Department and the overly zealous actions of the police caused him to suffer severe emotional distress.
ANALYSIS
“WHETHER THE WILLIE SOUTHERN MAY PROCEED WITH A CLAIM FOR MAKE WHOLE RELIEF ON BEHALF OF WILLIE SOUTHERN FOR TITLE FOURTEEN VIOLATION EVEN THOUGH MR. SOUTHERN WAS NOT VIOLATION CONSTITUTIONAL LAW ON FALSE CHARGES AND FRAUDULENT CONCEALMENT OF FILE.” [SIC]
¶ 3. Mississippi Code Annotated § 11— 46-11(3) states “all actions brought under the provisions of this chapter shall be commenced within one year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after.” The events described in the complaint are alleged to have occurred on March 28, 1999. Southern’s complaint in this case was not filed until October 18, 2001. On or about December 7, 2001, an amendment to the complaint was filed, but was never served on the defendants. Even giving Southern the benefit of using the original filing date, October 18, 2001, *397 this date is still approximately two years and seven months after the alleged event. As one can clearly see, the complaint was filed well after the one year statutory limit and any appropriate tolling provisions set out in Miss.Code Ann. § 11-46-11(3). Therefore, we find this issue is without merit.
¶ 4. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.